IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT W. BONER, III,

        Plaintiff,

v.

HEALTH CARE UNIT
ADMINISTRATOR,
JOHN DOE 1, *Medical Records Dispenser*,
and
DR. MYERS,

        Defendants.

Case No. 24-cv-00427-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Robert Boner, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT[1]

Plaintiff states that he has a hernia of the colon, and he suffers from pain and chronic constipation. (Doc. 16, p. 6). According to his exhibits, Plaintiff's hernia has been treated with

---

[1] Because it appears that Plaintiff is relying on statements made in the First Amended Complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all these pleadings together. *See Otis v. Demarass*, 886 F.3d 639, 644 (7th Cir. 2018).

medication since 2019. (*Id.* at p. 36, 38). In October 2023, while at Joliet Treatment Center, a CAT scan was ordered by Dr. Helmsly. (*Id.* at p. 43). Plaintiff, however, was transferred to Centralia Correctional Center (Centralia) before the scan was taken. (*Id.* at p. 45).

At Centralia, Plaintiff recently had an appointment with Dr. Myers on February 20, 2024. (Doc. 16, p. 30). During the appointment, Dr. Myers found that the hernia was reduceable and that the medical record reflected that a CAT scan had been completed, which is incorrect.[2] Dr. Myers prescribed Plaintiff a hernia belt and modified his blood pressure medication. (*Id.*). Plaintiff is currently taking stool softeners, laxatives, and milk of magnesia, but these medications do not alleviate his pain, and he has not had a bowel movement in nine days. (*Id.* at p. 6). Plaintiff asserts that Dr. Myers has done nothing but persist in a course of treatment that is ineffective. (*Id.* at p. 6).

## PRELIMINARY DISMISSALS

The Court dismisses the claims against John Doe, described as the "medical record dispenser" and "the medical record office supervisor." Plaintiff states that he has requested his medical records, and he asks that the Court to order John Doe to produce his medical records in response to the request. (Doc. 16, p. 5). According to his exhibits, he submitted a request for medical records on January 31, 2024. (*Id.* at p. 29, 45). As a follow-up, he submitted a grievance asking about his request on February 14, 2024. Plaintiff was informed that, when possible, requests for copies of medical records are completed within 30 days of receipt. (*Id.* at p. 47). Having to wait to receive copies of medical records does not amount to a constitutional violation, and any claim and request for injunctive relief against John Doe is dismissed.

The Court also dismisses all claims against the Health Care Unit Administrator. Plaintiff states that he is suing this individual in his or her individual capacity, but he does not assert any

---

[2] As a form of relief, Plaintiff asks to be sent to an outside provider for a CAT scan. Thus, the Court presumes Plaintiff is arguing that the CAT scan has not in fact been completed, despite what is recorded in his medical records. (*See* Doc. 16, p. 5).

Page 2 of 7

claims against her in the statement of claim. (Doc. 16, p. 1). Merely listing the Health Care Unit Administrator as a defendant is not enough to state a claim and to put this individual on notice of which claims in the First Amended Complaint are directed against him or her. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Thus, all claims against the Health Care Unit Administrator are dismissed without prejudice. Plaintiff's intention to name the Health Care Unit Administrator for the purpose of directing injunctive relief will be addressed below. (Doc. 16, p. 5).

### DISCUSSION

Based on the allegations and Plaintiff's description of his claims, the Court delineates the following count:

> **Count 1:** Eighth Amendment claim against Dr. Myers for failing to provide Plaintiff adequate medical care for his hernia and related symptoms.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[3] pleading standard.**

Plaintiff has sufficiently pled an Eighth Amendment claim against Dr. Myers for inadequate treatment of his hernia and associated symptoms, such as pain and constipation, and Count 1 will proceed. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) ("a doctor's choice of the easier and less efficacious treatment for an objectively serious medical condition can still amount to deliberate indifference for purposes of the Eighth Amendment") (internal citations omitted).

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### PRELIMINARY INJUNCTION[4]

Plaintiff has also filed a motion for preliminary injunction. (Doc. 17). Plaintiff seeks emergency care for his hernia, specifically diagnostic testing at an outside facility. (Doc. 16, p. 4-5).[5] The Court will defer ruling on the motion until Defendants are served and can respond.

Although Plaintiff states that he has named the Health Care Unit Administrator as a defendant in order to direct outside care (Doc. 16, p. 5), the warden of Centralia "is the proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). *See also Daniel v. Cook Cty.,* 833 F.3d 728, 737 (7th Cir. 2016) ("[T]he constitutional duty under the Eighth and Fourteenth Amendments to provide adequate health care rests on the custodian."). Therefore, the Clerk will be directed to add the warden of Centralia as a defendant, in his or her official capacity only, for the purpose of implementing any injunctive relief that may be ordered. **Defendants are ORDERED to respond to the motion for preliminary injunction within 14 days of service.**

As there are no viable claims against the Health Care Unit Administrator, as discussed above, and this individual is not needed to carry out any possible injunctive relief, the Health Care Unit Administrator shall be terminated as a defendant.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf, **DENIED.** (Doc. 12). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel

---

[4] The motion to supplement is **GRANTED.** (Doc. 18).
[5] Plaintiff also requests for the Court to order the record's office to complete his request for medical records. (Doc. 16, p. 5). Because Plaintiff has failed to state a claim as to the delay in receiving his medical records, the request for injunctive relief pertaining to his medical records is **DENIED.**

or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff provides the names of two attorneys who he has contacted via written letters. (Doc. 12, p. 1). He states that they have declined to take his case. This is not sufficient information for the Court to determine that he has made a reasonable effort to locate counsel on his own. Thus, Plaintiff has failed to meet his threshold burden. The Court further finds that Plaintiff is capable of proceeding pro se at these early stages. He states that he is unable to represent himself in this matter because he has an SMI (seriously mentally ill) designation, but he does not explain how his illness hinders his ability to litigate. Plaintiff indicates that he has a post-graduate education, and he has already prepared a First Amended Complaint that survived screening. He appears capable of preparing coherent filings, meeting court-imposed deadlines, and responding to any motions Defendants may file. Accordingly, his motion is **DENIED.** Should his situation change as the case proceeds, Plaintiff may file another motion. The motion should include the names and addresses of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

For the reasons stated above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Dr. Myers. All claims against the Health Care Unit Administrator and John Doe, the medical records dispenser, are **DISMISSED without prejudice.** The Clerk of Court shall **TERMINATE** them as defendants on the docket.

The motion to supplement is **GRANTED**. (Doc. 18). The Court **DEFERS** ruling on the motion for preliminary injunction. (Doc. 17). The Clerk is **DIRECTED to ADD** the Warden of Centralia Correctional Center as a defendant in his or her official capacity only for the purpose of

implementing any injunctive relief that made be ordered. Defendants are **ORDERED** to respond to the motion for preliminary injunction with 14 days of service.

The Clerk is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Myers and the Warden of Centralia Correctional Center the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 29, 2024**

                                                 *s/Stephen P.McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.